BERNARDA RODRÍGUEZ, Petitioner, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 777.   Argued January 18, 1932.—Decided February 17, 1932.

A. *Marín Marién* for petitioner.   R. *Muñoz Ramos* for defendant in the main action.

ON REHEARING

MR. JUSTICE WOLF delivered the opinion of the Court.

This was a writ of certiorari wherein the court below forwarded the record. The real party in interest, the defendant, argued his case, but did not file a brief or memorandum. On the 28th of July, 1931, we annulled an order of the district court. The defendant filed a motion for reconsideration which was granted.

The plaintiff in the court below on the 23d day of April, 1931, recovered judgment in the sum of $1,030. After judgment, among other property, a deposit of $351.48 in a local bank in favor of the defendant was attached. The defendant appeared, offered a bond of $700 and requested that the money then in possession of the marshal be turned over to

him. The court so ordered on June 8, 1931. This was the order annulled in our order and opinion of July 28th, 1931.

The case turned on the previous opinion of *Gandía* v. *District Court,* 34 P.R.R. 265. There we held that only property in the original possession of a defendant could be restored to him by bond. It seemed to us while considering the writ that the court below and the defendant were contending that the possession of the bank was the possession of the defendant. What the court did say was that the possession of the bank was equivalent to the possession of the defendant, of course, for the purposes of section 10 of the Act to secure the effectiveness of judgments, section 5242 of the revised statutes.

That section reads as follows:

"An order prohibiting the alienation of personal property, and an attachment on the same, shall be effected by depositing the personal property in question with the court or the person designated by it, under the responsibility of the plaintiff. If the defendant gives sufficient bond, in the discretion of the court, to cover the value of the said property, the latter shall be deposited with him, under the warning and responsibilities of the preceding section. The owner of personal property under attachment may demand its sale at public auction, after notification to the plaintiff, upon condition that the proceeds of the sale be deposited with the court. . . . ."

Thereunder we have become convinced that attached property on which defendant has a claim and more especially money withdrawn from a bank and placed in the hands of a marshal may be deposited in the hands of a debtor under an appropriate bond. The act does not speak of "possession" but generally allows the deposit of attached property in the hands of a defendant. Anything that we said in the *Gandía* case or in our previous opinion of July 28, 1931, can not prevail against the considerations of the present opinion.

Naturally an agent may retain his costs and fees when property, especially money, in his hands is attached. Such fees and charges are not affected and could be covered by the bond.

Our former opinion did not really turn on the question of whether the judgment was unappealable or not, and hence the fact that the appeal was dismissed is rather a matter for the court below. The mandate has been recalled. The case stands as if the mandate had not been issued and we find no reason now for annulling the order of the district court.

Nor can it affect this decision that the marshal deposited the money in the Commercial Bank and can not obtain immediate control of it.

The writ should be annulled and the order of the district court of June 8, 1931, allowed to stand.